UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:15-CV-243-TBR-LLK

PRICILLA CAFFA-MOBLEY,                                          PLAINTIFF

v.

JAMES MATTIS, Secretary
U.S. DEPARTMENT OF DEFENSE,                                  DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e) by Defendant James Mattis, Secretary of United States Department of Defense (the "Secretary"). [R. 45.] Defendant Pricilla Caffa-Mobley responded, [R. 48], and the Secretary replied, [R. 51]. Fully briefed, this matter is now ripe for adjudication. For the reasons stated herein, the Secretary's Motion to Alter or Amend Judgment, [R. 45], is DENIED.

**BACKGROUND**

The general facts and procedural history of this case are set out in the Court's prior Memorandum Opinion and Order, [R. 43]. In short, Caffa-Mobley's claims against the Secretary arise out of her termination from Barkley Elementary School as an Educational Aid, allegedly because of her disability. [*Id.* at 6.] On February 27, 2018, the Court granted in part and denied in part the Secretary's Motion for Summary Judgment. [R. 43.] On March 27, 2018, the Secretary filed a Motion to Alter or Amend Judgment, [R. 45], which is currently before the Court.

**LEGAL STANDARD**

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

"A motion under Rule 59(e) is not intended to be utilized to relitigate issues previously considered." *Foreman v. United States*, 2012 U.S. Dist. LEXIS 187012 *3 (W.D. Mich. 2012) (citing *Equal Emp't Opportunity Comm'n v. Argent Indus., Inc.*, 746 F. Supp. 705, 706 (S.D. Ohio 1989)). "Neither should it be used as a vehicle for submitting evidence which in the exercise of reasonable diligence could have been submitted before." *Id*. (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991)).

"The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court, reversible only for abuse." *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982).

**DISCUSSION**

The Secretary moves the Court to alter or amend its judgment due to a clear error of law. The Secretary's motion contains two main arguments: (1) "The Court did not conduct the pretext analysis required in a Rehabilitation Act case," [R. 45 at 3 (Motion to Alter or Amend Judgment)], and (2) "The record does not support finding that Caffa-Mobley was qualified under the Rehabilitation Act," [*Id*. at 11]. The Court will address each argument in turn.

I.  **The Court's Pretext Analysis**

   A. **Independent Pretext Analysis**

First, the Secretary argues that the Court did not conduct a pretext analysis independent from its analysis of the prima facie case presented by Caffa-Mobley. [*Id*. at 3.] The Court agrees

2

that under the burden-shifting framework established by the Supreme Court in *McDonnell Douglas* "[t]he burden is first on the plaintiff to demonstrate a prima facie case of . . . discrimination; it then shifts to the employer to offer a legitimate, non-discriminatory explanation for its actions; finally, the burden shifts back to the plaintiff to show pretext-i.e. that the employer's explanation was fabricated to conceal an illegal motive." *Chen v. Dow Chem. Co.*, 580 F.3d 394, 400 (6th Cir. 2009) (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973)). Furthermore, during the pretext portion of this analysis, "[t]o carry her burden in opposing summary judgment, [plaintiff] must produce sufficient evidence from which a jury could reasonably reject [the employer]'s explanation of why it fired her." *Id*.

The Secretary claims that the Court did not conduct an independent, pretext analysis in its Memorandum Opinion and Order, [R. 43]. [R. 45 at 3.] This is incorrect. After reciting the pretext step of the *McDonnell Douglas* framework earlier in the opinion, [R. 43 at 9], the Court discussed pretext, although briefly, in the final section of the Memorandum Opinion and Order. [*Id*. at 18-19.] After considering the Secretary's argument that "Caffa-Mobley has not successfully demonstrated that this non-discriminatory reason was a mere pretext for discrimination, as required under the *McDonell Douglas* framework," the Court decided that the factual evidence provided by the parties regarding Bennett's reason for terminating Caffa-Mobley was in dispute. [*Id*.] As the Court finds that it conducted a pretext inquiry, the argument remains that the Secretary is not satisfied with the fashion in which that analysis was conducted.

### B. Whether the Evidence Satisfies the Pretext Burden

#### 1. The Plaintiff's Burden

Secondly, the Secretary argues "[a]t this stage, a question of material fact is not sufficient to escape summary judgment; Caffa-Mobley has the burden of proof at the pretext stage, and her

burden of proof is to prove pretext by a preponderance of the evidence." [R. 45 at 7-8.] In support, the Secretary cites to the Sixth Circuit case of *Fuhr v. Hazel Park School District*, 710 F.3d 668 (6th Cir. 2013). Although the court in *Fuhr* recited the pretext analysis as requiring the plaintiff to "demonstrate by a preponderance of the evidence that the proffered reason was a mere pretext for discrimination," it declined to address whether the plaintiff "successfully shoulder[ed] her ultimate burden of proving pretext." 710 F.3d at 675-77. Thus, the Court will instead refer to Sixth Circuit case law that covered the issue in more detail.

For instance, in *Jones v. Potter*, the Sixth Circuit described the plaintiff's burden at the pretext stage as follows: "Should the employer carry this burden, then the burden returns to the plaintiff to prove by a preponderance of the evidence that the employer's proffered reason was in fact a pretext designed to mask illegal discrimination. Jones can defeat summary judgment only if his evidence is sufficient to 'create a genuine dispute at each stage of the *McDonnell Douglas* inquiry.'" 488 F.3d 397, 404 (6th Cir. 2007). Also, in *Shazor v. Prof'l Transit Mgmt*., the Sixth Circuit summarized the burden on the plaintiff during the *McDonnell Douglas* framework as: "[T]o survive summary judgment a plaintiff need only produce enough evidence to support a prima facie case and to rebut, but not to disprove, the defendant's proffered rationale." *Shazor*, 744 F.3d 948, 957 (6th Cir. 2014). Upon considering the plaintiff's assertions regarding the first category of pretext arguments, the Sixth Circuit held: "Plaintiff has therefore *established a genuine issue of fact* concerning the truthfulness of her two purported lies." *Id*. at 960 (emphasis added).

Beyond the Sixth Circuit, several other appellate circuit courts describe the plaintiff's burden upon a motion for summary judgment regarding the *McDonnell Douglas* pretext stage as requiring the plaintiff to show that a genuine issue of material fact exists. *See, e.g., Soto-

4

*Feliciano v. Villa Cofresi Hotels, Inc.*, 779 F.3d 19, 23 (1st Cir. 2015) (stating that the plaintiff must prove pretext by a preponderance of the evidence; however, "[t]o defeat a motion for summary judgment, though, the plaintiff need only show that his ability to meet that burden turns on a genuine issue of material fact") (citing *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)); *Brown v. Diversified Distribution Sys., LLC*, 801 F.3d 901, 910 (8th Cir. 2015) ("We thus conclude based on these factual disputes . . . she has identified genuine issues of material fact on whether 'a prohibited reason, rather than the employer's stated reason, actually motivated' her termination"); *Martino v. W. & S. Fin. Grp.*, 715 F.3d 195, 202 (7th Cir. 2013) ("[T]he plaintiff must show that a genuine issue of material fact exists as to whether the defendant's proffered reason was pretextual to avoid the entry of summary judgment against it"); *Abrams v. Dep't of Pub. Safety*, 764 F.3d 244, 253 (2d Cir. 2014) (holding that a certain quote from the employer was "enough of an ambiguity to create a reasonable question of fact"); *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 325 (3d Cir. 2014) (holding that "a reasonable jury could discredit [defendant]'s reasons for [plaintiff]'s termination as pretextual").

After reviewing case law from the Sixth Circuit, and many other circuits, the Court disagrees with the Secretary's claim that "a question of material fact is not sufficient to escape summary judgment" at this stage. [R. 45 at 9.] True, the plaintiff must prove by a preponderance of the evidence that the employer's proffered reason was in fact a pretext. However, at the motion for summary judgment stage, the Sixth Circuit has stated that the plaintiff can defeat a motion for summary judgment during the pretext analysis by showing that his evidence is sufficient to create a genuine dispute of material fact. *See Jones*, 488 F.3d at 404; *Shazor*, 744 F.3d at 957-60. This is precisely what the Court held in its Memorandum Opinion and Order, [R. 43 at 18-19].

  2. **The Evidence Before the Court Presents a Dispute of Material Fact**

5

The Secretary goes on to argue that the evidence before the Court fails to satisfy the pretext analysis under the Rehabilitation Act. [R. 45 at 8-9.] To satisfy the burden of demonstrating pretext, the plaintiff "must show by a preponderance of the evidence 'either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge.'" *Jones*, 488 F.3d at 406 (quoting *Manzer v. Diamond Shamrock Chem. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994) (emphasis omitted)). Here, the proffered reason for the termination of Caffa-Mobley was that she could not "perform the essential duties of her position," i.e., work with children. [R. 35-10 at 7 (Bennett Declaration).] As the legitimacy of this factual allegation is disputed by the parties, the first pretext test is most suitable to the issue at hand. "The first type of showing is easily recognizable and consists of evidence that the proffered bases for the plaintiff's discharge never happened, *i.e.,* that they are 'factually false.'" *Manzer,* 29 F.3d at 1084. As both parties dispute Caffa-Mobley's ability to work with children, the Court finds this to be an issue of material fact best settled by a jury.

Caffa-Mobley cited evidence suggesting that her restriction from working with children was merely temporary. One of the notes from Premier Medical Group stated, "No working with children for now," [R. 35-15 at 1-5 (Doctor's Notes).], and a letter dated October 1, 2010 from Dr. Huffman to Bennett estimated her date of full recovery to her state of function prior to August 10, 2010 to be October 15, 2010. [R. 35-8 at 82-83 (Woods 2017 Declaration with Exhibits).] To discredit this evidence, the Secretary cites to a subsequent note from the Premier Medical Group which prescribed "modified duty" and "office or administrative duties only." [*Id.* at 85.] Furthermore, the note advised Caffa-Mobley to "pursue physical therapy" and return for a check-up in two weeks. [*Id.*] The Secretary claims that this note effectively "refuted his earlier

6

October 15 estimate . . .." [R. 45 at 7.] These notes present a contradictory picture from which different inferences could be made. As the Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial," it would be inappropriate for the Court to weigh this evidence in favor of either side at this point in the litigation. *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). Moreover, the evidence clearly does not present a situation that is "so one-sided that one party must prevail as a matter of law." *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986)).[1]

The Secretary attempts to rebut this demonstration of pretext in its Reply by raising the argument that the school had an honest belief in its proffered reason that Caffa-Mobley was unable to work with children. [R. 51 at 9.] The basis for the "honest belief" doctrine is as follows:

> "If the employer had an honest belief in the proffered basis for the adverse employment action, and that belief arose from reasonable reliance on the particularized facts before the employer when it made the decision, the asserted reason will not be deemed pretextual even if it was erroneous." *Upshaw v. Ford Motor Co.,* 576 F.3d 576, 586 (6th Cir.2009). "The key inquiry in assessing whether an employer holds such an honest belief is whether the employer made a reasonably informed and considered decision before taking the complained-of action." *Sybrandt v. Home Depot, U.S.A., Inc.,* 560 F.3d 553, 559 (6th Cir.2009) (quotation marks omitted).

---

[1] For the first time in its Reply, the Secretary raises the argument that the October 1 letter, which the Secretary attached to its Motion for Summary Judgment as an exhibit, [R. 35-8 at 82-83], is inadmissible evidence. Beyond the fact that the Secretary now attempts to dismiss evidence it provided for the Court's consideration, "reply briefs 'do not provide the moving party with a new opportunity to present yet another issue for the court's consideration.'" *Koroluk v. Fanning*, No. 3:13-CV-758-H, 2014 WL 6387514, at *2 (W.D. Ky. Nov. 14, 2014). Furthermore, even if the letter is not in admissible *form*, the *contents* of the letter, as well as the subsequent notes, could be presented through testimony from Dr. Huffman at trial. *See McGuire v. Michigan Dep't of Cmty. Health*, 526 F. App'x 494, 496 (6th Cir. 2013) (holding that the contents of a doctor's letter could be presented in admissible form at trial through the doctor testifying).

*Shazor*, 744 F.3d at 960. Here, Bennett terminated Caffa-Mobley a day before the deadline—set by Bennett—for Caffa-Mobley to turn in the medical documentation concerning her ability to perform the essential duties of her position. [R. 43 at 5-6.] Thus, the Court finds that there is a genuine issue of material fact as to whether the school made a "reasonably informed and considered decision" in firing Caffa-Mobley.

In addition to pretext, the Secretary argues that Caffa-Mobley failed to satisfy the sole cause standard of the Rehabilitation Act. Under the Rehabilitation Act, Caffa-Mobley must prove that she was fired "*solely* by reason of . . . [her] disability." *Jones*, 488 F.3d at 409-10 (quoting *Maddox v. Univ. of Tenn.*, 62 F.3d 843, 846 (6th Cir. 1995) (emphasis added)). Although the Secretary only provides one reason for Caffa-Mobley's termination, "Caffa-Mobley could not presently work with children," [R. 45 at 10; *see also* R. 51 at 8, 12], the Secretary consistently claims that "the plaintiff's evidence 'introduces two reasons, one of which . . . is a perfectly valid reason for firing an employee.'" [*Id*. at 9 (citing *Jones*, 488 F.3d at 409).] The second reason for firing Caffa-Mobley remains unclear to the Court. The Court finds that the phrase "she could not work with or around children" raises the reasonable inference that Caffa-Mobley was fired because her disability prevented her from working around children at that time. Construing the evidence and drawing all reasonable inferences in favor of the nonmoving party, the Court finds that a reasonable jury could conclude that Caffa-Mobley was terminated solely by reason of her disability.

## II. Whether Caffa-Mobley was Qualified

The Secretary argues that "[t]he factual record does not support any inference that Caffa-Mobley could be recovered in a little over two months, or in any definite or reasonable period of time, because Dr. Huffman's post-termination opinion gave way from a potential date of

recovery to a retraction of that opinion and his record showing no definite estimate regarding the likelihood, degree, or timeline for any recovery." [R. 45 at 11.] As the Court previously explained, these notes present a contradictory picture from which different inferences could be made. Furthermore, as the Court stated in its Memorandum Opinion and Order, when the accommodation is an assignment of light duty rather than leave, the Sixth Circuit has reasoned that an assignment of light duty may be appropriate unless it is of a permanent nature. *See Brown v. Chase Brass & Copper Co.*, 14 F. App'x 482, 488 (6th Cir. 2001) ("[A]n employer has no obligation to create a permanent light duty post when none previously existed."); *see also Meade v. AT&T Corp.*, 657 F. App'x 391, 396 (6th Cir. 2016) ("[W]e have applied this rule to hold that an employer need not create a permanent light-duty position"). At the very least, there is a dispute of material fact over the duration of Caffa-Mobley's light duty position in the library.

The Secretary quotes the Sixth Circuit in stating that "[l]eave cannot constitute a reasonable accommodation without "a certain or credibly proven end", and "for an additional leave of absence to be a reasonable accommodation under the ADA, the employee must, at a minimum, provide the employer with an estimated, credible date when she can resume her essential duties." [R. 51 at 11 (quoting *Cooley v. E. Tennessee Human Res. Agency, Inc.*, 720 F. App'x 734, 740 (6th Cir. 2017).] True, Sixth Circuit "case law is clear that when the proposed accommodation is an extension of a prior significant period of leave, the plaintiff must have demonstrated a clear prospect for recovery." *Cooley*, 720 F. App'x at 741. However, the matter at hand does not involve an additional, significant leave of absence; Caffa-Mobley returned to work at a "light duty" position after two and a half weeks of leave. The parties currently dispute the length of time at which Caffa-Mobley could work at a "light duty" position before she could

continue working with children again. As *Cooley* specifically involved an additional leave of absence, the Court finds it to be distinguishable from the matter at hand.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED**: the Secretary's Motion to Alter or Amend Judgment, [R. 45], is **DENIED.**

**IT IS SO ORDERED**.


cc: Counsel of Record