UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-243-TBR-LLK

PRICILLA CAFFA-MOBLEY, PLAINTIFF

v.

MARK T. ESPER, DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Secretary of the Department of Defense's Motion in Limine. [DN 71]. Plaintiff Pricilla Caffa-Mobley did not respond and the deadline to do so has passed. This matter is ripe for adjudication. For the reasons set forth herein, the Secretary's Motion in Limine, [DN 71] is GRANTED.

## BACKGROUND

Plaintiff's claims against the Secretary arise out of her termination from Barkley Elementary School as an Educational Aid, allegedly because of her disability. The general facts and procedural history of this case are set forth in detail the Court's prior Memorandum Opinion and Order. [DN 43]. In the instant motion in limine, the Secretary seeks to exclude testimony regarding an incident between Plaintiff and a special needs student in August 2010 on the basis that it is irrelevant to the current action. [DN 71].

## LEGAL STANDARD

Using the inherent authority to manage the course of trials before it, this Court may exclude irrelevant, inadmissible, or prejudicial evidence through in limine rulings. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c)); *Louzon v. Ford Motor Co.*, 718 F.3d 556, 561 (6th Cir. 2013). Unless such evidence is patently "inadmissible for any purpose," *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997), though, the "better

1

practice" is to defer evidentiary rulings until trial, *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), so that "questions of foundation, relevancy and potential prejudice may be resolved in proper context," *Gresh v. Waste Servs. of Am., Inc.*, 738 F. Supp. 2d 702, 706 (E.D. Ky. 2010). A ruling in limine is "no more than a preliminary, or advisory, opinion." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983), *aff'd*, 469 U.S. 38). Consequently, the Court may revisit its in limine rulings at any time and "for whatever reason it deems appropriate." *Id.* (citing *Luce*, 713 F.2d at 1239).

Evidence is "relevant" if it has "any tendency to make a fact [of consequence] more or less probable than it would be without the evidence." Fed. R. Evid. 401. The standard for relevancy is "liberal" under the Federal Rules of Evidence. *Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 905 (6th Cir. 2006); *United States v. Whittington*, 455 F.3d 736, 738 (6th Cir. 2006). A piece of evidence "does not need to carry a party's evidentiary burden to be relevant; it simply has to advance the ball." *Dortch v. Fowler*, 588 F.3d 396, 401 (6th Cir. 2009). Generally speaking, all relevant evidence is admissible. *See* Fed. R. Evid. 402. No rule, however, is without exception: Even relevant evidence may be excluded "if its probative value is substantially outweighed by [the] danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Court enjoys broad discretion when it decides questions of relevance and possible prejudice. *See Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004).

## DISCUSSION

On August 10, 2010, Plaintiff reported that she was injured by a special needs student at Barkley Elementary. [DN 25-2 at 53]. She filed a worker's compensation claim regarding the incident, but her claim was denied. [*See* DN 71 at 1]. After the altercation, Plaintiff presented

doctors notes to the school stating that she could not work with children. [DN 38-4 at 1]. On September 30, 2010, Plaintiff was discharged from her position as an Elementary Aide. [DN 35-10 at 7]. Subsequently, Plaintiff brought a Rehabilitation Act against the Secretary claiming she was subject to disability-based discrimination. [DN 1].

In the instant motion, the Secretary asserts that the circumstances of Plaintiff's August 10, 2010 injury and any other allegations regarding liability or damages related to that injury are irrelevant to Plaintiff's Rehabilitation Act claim. [DN 71]. Plaintiff has not argued that such evidence would be relevant to her claim. Thus, the Court finds that the details regarding the August 10th altercation with the special needs student, and the resulting liability and damages from that incident, are irrelevant to whether the Secretary unlawfully terminated Plaintiff pursuant to the Rehabilitation Act. Accordingly, the Secretary's Motion in Limine, [DN 71], is GRANTED.

## CONCLUSION

For the reasons set forth herein, **IT IS HEREBY ORDERED**: the Secretary's Motion in Limine, [DN 71], is **GRANTED**. Additionally, the Court notes that the Secretary has filed two objections to Plaintiff's Witness List. [DN 76, 77]. Plaintiff shall respond to these objections within ten days of entry of this Memorandum Opinion and Order.

**IT IS SO ORDERED**.

Thomas B. Russell, Senior Judge
United States District Court

March 31, 2020

CC: Attorneys of Record