UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:15-CV-243-TBR-LLK

PRISCILLA CAFFA-MOBLEY,                                                                    PLAINTIFF

v.

DAVID NORQUIST, Acting Secretary
UNITED STATES DEPARTMENT OF DEFENSE[1],                              DEFENDANT

**MEMORANDUM OPINION AND ORDER**

On January 8, 2021, the Court entered judgment in favor of Defendant, Acting Secretary of the U.S. Department of Defense. [DN 104, 105]. Defendant has now filed a Bill of Costs in this matter and requests the Clerk of Court tax costs against Plaintiff Priscilla Caffa-Mobley under 28 U.S.C. § 1920. [DN 106]. The Defendant seeks costs in the amount of $2,425.88, a sum that includes $736.89 for the deposition of plaintiff; $1,073.10 for the trial transcript; $568.89 for witness mileage and costs; and $20.00 as the docket fee established by 28 U.S.C. § 1923. *Id.* The Plaintiff has not filed an objection to the Bill of Costs, and the deadline to do so has expired. This matter is now ripe for adjudication. For the reasons stated herein, the Court adopts the Bill of Costs set forth by the Defendant.

**I.**

Fed. R. Civ. P. 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party."

---

[1] The Court notes that Federal Rule of Civil Procedure 25 provides for the automatic substitution of a successor public official upon the departure from office of the person named in official capacity litigation. Fed. R. Civ. P. 25(d); *Mumford v. Basinski*, 105 F.3d 264, 273 (6th Cir. 1997). The Court takes notice that David Norquist eventually succeeded Ashton B. Carter, Mark T. Esper *et al.* as Acting Secretary of Defense. Therefore, the Court may automatically substitute Acting Secretary Norquist as the defendant herein. *see e.g., Cheney v. U.S. Dist. Court for D.C.*, 541 U.S. 913, 917 (2004) ("That is why federal law provides for the automatic substitution of the new officer when the originally named officer has been replaced.").

Fed. R. Civ. P. 54(d)(1); *see also* 28 U.S.C. § 1920 (listing taxable costs). Any costs taxed by the Court must be allowed under § 1920 and must be reasonable and necessary in amount. *See BDT Prods, Inc. v. Lenmark Int'l., Inc.*, 405 F.3d 415, 417 (6th Cir. 2005), *abrogated on other grounds by Taniguchi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997 (2012). There is a presumption in favor of awarding costs to the prevailing party in accordance with Rule 54(d). *Singleton v. Smith*, 241 F.3d 534, 539 (6th Cir. 2001); *Ford v. FedEx Supply Chain Servs., Inc.*, 2009 WL 1585849, at *1 (W.D. Tenn. June 3, 2009).

Congress has specifically provided for the taxing of certain costs in 28 USC § 1920. It reads:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 USC § 1920 (2007).

In accordance with § 1920, Defendant timely submitted its Bill of Costs to the Court, claiming expenses totaling $2,425.88, and Plaintiff has not filed any objections. Defendant also submitted, as attachments to the Bill of Costs, a detailed itemization of the costs claimed as well

as the declarations and documentations from Kim Sunderhaus, Helena Auberry, and Sara Clow that further explain the costs claimed by defendant. [DN 106-1].

Having reviewed the Defendant's Bill of Costs, and finding the amounts claimed reasonable and necessary;

**IT IS HEREBY ORDERED** that Defendant, David Norquist, Acting Secretary U.S. Department of Defense's Bill of Costs, [DN 106], is **GRANTED**.

**IT IS SO ORDERED.**

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

August 2, 2021

CC: Counsel of Record.